UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAMSUL ALAM,<br><br>     Petitioner,<br><br> v.<br><br>LAURA HERMOSILLO, et al.,<br><br>     Respondents. | Case No. 2:26-cv-00468-TMC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

## I. ORDER

On February 9, 2026, Petitioner Shamsul Alam filed a petition for writ of habeas corpus, arguing that his mandatory detention at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Dkt. 1. On February 23, Federal Respondents filed a return and submitted evidence that Mr. Alam is properly detained as an "arriving alien" under the INA. Dkts. 6–8. On February 24, Mr. Alam filed a motion for temporary restraining order ("TRO") and preliminary injunction. Dkt. 9. He asks the Court to enjoin Respondents from transferring him out of NWIPC or removing him from the United States, and he seeks a ruling on the habeas petition. *Id.* at 12.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1

A party seeking a TRO or preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). Here, Mr. Alam has not met his burden of establishing a likelihood of success on his habeas petition. He argues that he is a member of the Bond Denial Class in *Rodriguez Vazquez v. Bostock*. The Bond Denial Class includes

> all noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The parties agree that Mr. Alam entered the United States without inspection and is detained at NWIPC. *See* Dkt. 7-1; Dkt. 8 ¶ 10. But Federal Respondents have submitted evidence that Mr. Alam was apprehended on arrival and released on interim parole, which has since lapsed. Dkt. 7-4; Dkt. 8 ¶¶ 4, 7. Based on this evidence, Federal Respondents have at least a plausible argument that he is subject to mandatory detention as an "arriving alien." *See* 8 C.F.R. § 1.2; 8 U.S.C. § 1225(a)(1), (b)(2).

In addition, Mr. Alam has not shown that he faces an imminent likelihood of being transferred out of NWIPC or removed from the United States. To the extent that he seeks a faster ruling on the habeas petition, the Court has set a briefing schedule (Dkt. 3), with Mr. Alam's traverse due five days from now on March 2, 2026.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2

For these reasons, the Court DENIES the motion for TRO and preliminary injunction (Dkt. 9).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3