UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAMSUL ALAM,<br><br>               Petitioner,<br><br>    v.<br><br>JULIO HERNANDEZ, et al.,[1]<br><br>               Respondents. | Case No. 2:26-cv-00468-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Shamsul Alam is a citizen of Bangladesh who entered the United States without inspection on June 5, 2024. Dkt. 7-1 at 2. Customs and Border Patrol agents apprehended him near the United States/Mexico border that same day. Dkt. 8 ¶ 4. On June 8, 2024, he was issued a notice and order of expedited removal. Dkt. 7-1. He then expressed a credible fear of return to Bangladesh, and on August 28, 2024, he was issued a notice to appear charging him with violations of 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I). Dkt. 7-2 at 2; Dkt. 7-3; Dkt. 8 ¶¶ 5–6. In September 2024, he was released on interim humanitarian parole

---

[1] Julio Hernandez, Field Office Director of Enforcement and Removal Operations, Seattle Field Office, Immigration and Customs Enforcement, is substituted for Laura Hermosillo under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

under 8 U.S.C. § 1182(d)(5). Dkt. 7-4; Dkt. 8 ¶ 7. His parole was authorized for one year with discretion for Immigration and Customs Enforcement ("ICE") to terminate it "at any time and for any reason." Dkt. 7-4. On November 25, 2025, Mr. Alam was apprehended by ICE officers in New York, New York while appearing for a routine check-in pursuant to his immigration proceedings. Dkt. 7-6 at 3–4. He was then transferred to the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington, where he remains detained. Dkt. 8 ¶ 10; Dkt. 1 ¶ 21.

On February 9, 2026, Mr. Alam filed a petition for writ of habeas corpus seeking release from custody or, in the alternative, a bond hearing before an Immigration Judge. Dkt. 1. On February 23, Federal Respondents filed a return to the habeas petition, along with copies of Mr. Alam's immigration documents. Dkts. 6, 7–7-7, 8. On March 6, Mr. Alam filed a document styled as an amended habeas petition. Dkt. 12. The filing largely reiterated the contentions in the original petition and included a brief response to arguments contained in Federal Respondents' return. *See id.* ¶ 18. Because this filing does not raise any new claims for relief, the Court construes it as a traverse.

The habeas petition is now ripe for the Court's review. For the reasons explained below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

Mr. Alam argues that Respondents have incorrectly categorized him as subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2] *See* Dkt. 1 ¶¶ 36–55, 64–65. He asserts that he is instead subject to discretionary detention under 8 U.S.C. § 1226(a), which permits release on bond. *Id.* ¶ 5. Federal Respondents argue that Mr. Alam does not fall within the ambit of § 1226(a) because he was apprehended on arrival to the United States and released on interim parole, which has since lapsed. Dkt. 6 at 5–7.

Parole is a "legal fiction" under which a noncitizen "is allowed to be physically present in the United States for a specific purpose." *Barney v. Rogers*, 83 F.3d 318, 320 n.1 (9th Cir. 1996). Parole of a noncitizen "shall not be regarded as an admission" to the United States, and once parole is terminated, the noncitizen "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (noncitizens who are paroled into the country pending removal proceedings are "treated for due process purposes as if stopped at the border"). Section 1225(b)(2) subjects "applicant[s] for admission" who are "seeking admission" to mandatory detention during the pendency of their removal proceedings. 8 U.S.C. § 1225(a)(1), (b)(2).

On the record presented in this case, Federal Respondents have shown that Mr. Alam remained subject to mandatory detention after his parole was terminated. Mr. Alam's parole

---

[2] Mr. Alam also argues that his detention without a bond hearing violates his due process rights. *See* Dkt. 1 ¶¶ 70–73. Federal Respondents argue that Mr. Alam's detention is proper under the factors outlined in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118–20 (W.D. Wash. 2019), for courts to determine whether prolonged detention under § 1225(b) is constitutional. Dkt. 6 at 7–9. Mr. Alam has not raised a claim under *Banda*, and in any event, his detention has not yet become unreasonably prolonged.

automatically terminated on September 6, 2025, when he reached the end of the one-year interim parole term. *See* Dkt. 7-4 at 2. After that point, ICE had discretion to return him "to the custody from which he was paroled." 8 U.S.C. § 1182(d)(5). Mr. Alam has not shown by a preponderance of the evidence that the government ever treated him as subject to § 1226(a) following his initial apprehension. *See Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). He is thus subject to detention under the correct statutory framework.

## IV.   CONCLUSION

The Petition for writ of habeas corpus is DENIED.

Dated this 3rd day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4